

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AAAG-CALIFORNIA, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>ABDUL R. KISANA; JACK METCALF;<br>SPECIALIZED SALES AND LEASING,<br>LLC; and LUXURY AUTO GROUP, LLC,<br><br>      Defendants. | **MEMORANDUM DECISION AND**<br>**RECEIVERSHIP ORDER**<br><br>Case No. 2:20-cv-00026<br><br>Judge Howard C. Nielson, Jr. |

**WHEREAS** the Court finds that, based on the Amended Preliminary Injunction Order, *see* Dkt. No. 61, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Defendants, including any and all funds derived from the sale of certain vehicles identified in <u>Exhibit A</u> (the "Vehicles") attached hereto, as well as the assets of any other entities or individuals that (a) are held in constructive trust for the Defendants; (b) were fraudulently transferred by the Defendants; and/or (c) may otherwise be includable as assets of the estates of the Defendants.

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district.

**IT IS HEREBY ORDERED THAT:**

1.      Pursuant to the Amended Preliminary Injunction (Dkt. No.61) and Docket Order No. 37, this Court hereby takes exclusive jurisdiction and possession of the assets, of whatever

kind and wherever situated, of Defendants Abdul R. Kisana ("Kisana"), Specialized Sales and Leasing, LLC, and Luxury Auto Group, LLC (collectively, "Receivership Defendants").

2.     Until further Order of this Court stating otherwise, Jonathan O. Hafen, Esq. of Parr Brown Gee & Loveless, is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendants.

3.     Nothing in this order shall preclude any person or entity from asserting a valid constitutional right, including the Fifth Amendment, as a basis for declining to comply with a provision of this order or a demand made by the Receiver pursuant to this order. The individual or entity making such an assertion must notify the Receiver of the specific provision or demand that is the subject of the assertion, as well as the constitutional basis on which the assertion rests. If the Receiver believes the assertion is not justified by controlling case law, he may seek an order from the court compelling compliance despite the assertion.

## I.     *Asset Freeze*

4.     Except as otherwise provided herein, all assets, capital, tangible property and documentation of the Receivership Defendants, including any Vehicles in the possession, control, or custody of Receivership Defendants, are frozen until further order of this Court ("Receivership Property"). Accordingly, all persons and entities with direct or indirect control over any Receivership Property, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of or withdrawing such Receivership Property. This freeze shall include, but not be limited to, Receivership Property that is on deposit with financial

2

institutions such as banks, brokerage firms and mutual funds, shares of stock, and any patents or other intangible property.

## II.     General Powers and Duties of Receiver

5.     The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity Receivership Defendants under applicable state and federal law, by the governing charters, bylaws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66, and this court.

6.     The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the entity Receivership Defendants are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Defendants and shall pursue and preserve all of their claims.  Nothing in this Order is intended to or has the effect of altering or dismissing current or prospective legal counsel for Defendant Kisana in his individual capacity.

7.     Notwithstanding Paragraph 5 immediately above, Receivership Defendants may employ legal counsel for the sole purposes of (1) defending against Plaintiff's claims in this case, including pursuing the pending appeal of the appointment of the Receiver, and (2) defending against any criminal prosecutions that may be brought against Defendant Kisana.

8.     Subject to the specific provisions in this Order, the Receiver shall have the following general powers and duties:

A.     To use reasonable efforts to determine the nature, location and value of all property interests of each of the Receivership Defendants, including Kisana. These property interests include, but are not limited to: monies, accounts, trusts, funds, digital currencies, securities, credits, stocks, bonds, effects, goods, chattels, intangible property (including patents and other intellectual property), real property, lands, premises, leases, claims, rights, ownership interests in domestic or foreign entities, and other assets, together with rents, profits, dividends, receivables, interest, or other income attributable thereto, of whatever kind, that the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property").

B.     To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto.

C.     To manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further order of this Court.

D.     To use Receivership Property for the benefit of the receivership, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver.

E.     To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, members, shareholders, trustees, and agents of the entity Receivership Defendants.

F.     To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, forensic experts, registered representatives, financial or business advisers, liquidating agents, real estate agents, brokers, traders, or auctioneers.

G.     To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property.

4

H.    To assert, prosecute, and negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants or their officers, directors, agents, employees, or trustees, and to take any and all appropriate steps in connection with such policies.

I.    To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed. R. Civ. P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

J.    To bring legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver.

K.    To pursue, resist, defend, and settle all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the receivership estate.

L.    To assume all legal privileges, including attorney-client and accountant-client privileges, belonging to Specialized Sales and Leasing, LLC, and Luxury Auto Group, LLC, and determine in his discretion whether and when to assert or, on motion, to waive such privileges.

M.    To take such other action as may be approved by this Court.

### III.    Access to Information

9.    The Receivership Defendants, their subsidiaries, any affiliated entities, and any affiliated individuals (including spouses and other family members) shall cooperate with and assist the Receiver in the performance of his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

10.    Kisana and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Property. Such information shall include but

5

not be limited to books, records, documents, accounts and all other instruments and papers. If these documents and records are no longer within the Receivership Defendants' control, they must provide information to the Receiver identifying the records, the persons in control of the records, and efforts undertaken to recover the records.

11.     Within three (3) days of the entry of this Order,[1] the Receivership Defendants shall file with the Court and serve upon the Receiver and Plaintiff a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all information related to the disposition, sale, ownership, location, and current status of the Vehicles and all proceeds related thereto; (c) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants; and, (d) the names, addresses and amounts of claims of all known creditors of the Receivership Defendants as of January 1, 2019.

12.     Within seven (7) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement and accounting, with complete documentation, covering the period from August 1, 2019 to the present:

> A.     Identifying every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants;
>
> B.     Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Defendant, including but not

[1] The Receiver proposes implementing the accelerated deadlines identified in Paragraphs 10, 11 and 12 due to the prior requests for such information from Defendants on January 31, 2020. Because Defendants have already had over 10 days to begin identifying and collecting such information, the Receiver believes that these deadlines are reasonable and appropriate.

6

limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

C.    Identifying all assets received by any Receivership Defendant from any person or entity, including the value, location, and disposition of any assets so received;

D.    Identifying all funds received by the Receivership Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in Plaintiff's Complaint;

E.    Identifying all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

F.    Identifying all transfers of assets made by them, including a description or identification of (i) the assets; (ii) the transferees of the assets; (iii) the date of the transfers; (iv) the amount or value of the assets transferred; (v) a description of any goods, services, or credit received in exchange for the assets, including the value of any goods, services, or credit received; and (vi) to the best of their knowledge, the current location of the assets.

13.    Within seven (7) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver federal income tax returns for the fiscal or calendar years beginning with January 1, 2018, with all relevant and necessary underlying documentation.

14.    Kisana and the entity Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities, including family members of Kisana, shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned

7

persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

15.     The Receivership Defendants are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### IV.     Access to Books, Records, and Accounts

16.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, contents of safe deposit boxes, books, records, and all other documents or instruments—whether in paper or electronic form—relating to the Receivership Defendants. If desired, Receivership Defendants may retain copies of such information and records at their own expense.

17.     All persons and entities having control, custody, or possession of any Receivership Property or records of Receivership Defendants are hereby ordered to turn such property over to the Receiver.

18.     The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, his agents and/or employees.

19.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual

8

notice of this Order by personal service, facsimile transmission or otherwise shall:

A.   Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

B.   Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.   Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for Plaintiff a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and

D.   Cooperate expeditiously in providing information and transferring funds assets, and accounts to the Receiver or at the direction of the Receiver.

## V.   Access to Real and Personal Property

20.   The Receiver is authorized, as the Receiver deems necessary or appropriate in the Receiver's business judgment, to take immediate possession of all personal property of the Receivership Defendants, wherever located, including but not limited to: electronically-stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, vehicles, and equipment.

21.   Except for the personal residence of Kisana, the Receiver is authorized to take immediate possession of all real property of the Receivership Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons

other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

22.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to any real property described above. The Receiver shall have exclusive control of the keys. The Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

## VI.     Notice to Third Parties

23.     The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24.     In furtherance of his responsibilities, the Receiver is authorized to communicate with and serve this Order upon any person, entity, or government office that he deems appropriate to inform of the status of this matter or the financial condition of the receivership estate. All government offices which maintain public files of securities interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver.

25.     The Receiver is authorized to instruct the United States Postmaster to hold and reroute mail which is related, directly or indirectly, to the business, operations, or activities of any of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Defendants shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of Kisana, any mail appearing to contain privileged information, and any mail not falling within the mandate of the Receiver, shall be released to the named address by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business, service, or mail courier or delivery service hired, rented, or used by the Receivership Defendants. The Receivership Defendants shall not open a new mailbox or take any steps, or make any arrangements, to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

## VII.     Injunction Against Interference with Receiver

26.     The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile, electronic transmission, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would interfere with or prevent the Receiver from performing his duties, including conduct that would or might:

> A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property. Such prohibited actions include,

11

but are not limited to, using self-help or executing or issuing (or causing the execution or issuance of) any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property.

B. Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties. Such prohibited actions include, but are not limited to, concealing, destroying or altering records or information.

C. Dissipate or otherwise diminish the value of any Receivership Property. Such prohibited actions include, but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property; enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Defendant; and attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property.

D. Interfere with or harass the Receiver or interfere in any manner with the exclusive jurisdiction of this Court over the receivership estate.

27.     All persons and entities owing any obligation, debt, or distribution to any

Receivership Defendant shall, until further order of this Court, pay all such obligations to the

Receiver, in accordance with the terms thereof and the Receiver's receipt of such payments shall

have the same force and effect as if the Receivership Defendant had received such payment.

28.     Subject to payment for services provided, any entity furnishing water, electric,

telephone, sewage, or garbage or trash removal services to the Receivership Defendants shall

maintain such service and transfer any such accounts to the Receiver unless instructed to the

contrary by the Receiver.

29.     Upon the request of the Receiver, the United States Marshal Service, in any

judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take

possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the receivership estate.

30.     The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his duties.

31.     The Receiver shall promptly notify the Court and Plaintiff's counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

32.     In the event any person fails to deliver or transfer any Receivership Property or otherwise fails to comply with any provision of this Order, the Receiver may file ex parte an "Affidavit of Non-Compliance" regarding the failure. However, if such an affidavit is directed to a Receivership Defendant, such Receivership Defendant shall be entitled to seven days' notice thereof (unless shortened by an order of this Court) and an opportunity to be heard. Except as set forth above, upon the filing of the affidavit, the Court may authorize, without additional process or demand, writs of possession or sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any federal or state law enforcement officer to seize the Receivership Property, document, or other thing, and to deliver it to the Receiver.

## VIII.  **Stay of Litigation**

33.     The proceedings described below, excluding the instant proceeding and all appeals related to this proceeding, are stayed until further order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or

in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

34.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

35.     All Ancillary Proceedings are stayed in their entirety, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action until further order of this court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which the injunction against commencement of legal proceedings is in effect as to that cause of action.

36.     Upon a determination by the Receiver that action should be taken in any of the Ancillary Proceedings, the Receiver shall seek a lift of stay of litigation from this Court prior to taking any action in the Ancillary Proceeding.

## IX.     Managing Assets

37.     As necessary, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

38.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any nonexempt Receivership Property., other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to

the receivership estate, and with due regard to the realization of the true and proper value of such Receivership Property.

39.     Except for the personal residences of the Kisana and subject to Paragraph 39 immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the receivership estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the receivership estate, and with due regard to the realization of the true and proper value of such real property.

40.     Upon further order of this Court, in accordance with such procedures as may be required by this Court and additional authority, such as 28 U.S.C. §§ 2001 and 2002, the Receiver is authorized to sell and transfer clear title to all real property in the receivership estate.

41.     The Receiver is authorized to take all actions to manage, maintain, and wind down business operations of the receivership estate, including making legally-required payments to the United States, creditors, employees, and agents of the receivership estate and communicating with vendors, investors, government and regulatory authorities, and others as appropriate.

42.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and or the regulations, when applicable, whether proposed, temporary, or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions. The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the

15

administrative requirements imposed by Treas. Reg. § 1.468B-2, including, but not limited to: (a) obtaining a taxpayer identification number; (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon; and (c) satisfying any information, reporting, or withholding requirements imposed on distributions from the Settlement Fund. The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund." The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## X.    **Investigate and Prosecute Claims**

43.    Subject to the requirement that leave of this Court is required to commence or resume litigation, the Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in, or otherwise participate in, compromise, and adjust actions in any state, federal, or foreign court proceeding of any kind as may in his discretion, and after consultation with counsel for Plaintiff, be advisable or proper to recover or conserve Receivership Property.

44.    Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and, after obtaining leave of this Court, to institute such actions and legal proceedings for the benefit, and on behalf, of the receivership estates as the Receiver deems necessary and appropriate. The Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission, restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this

Order. Where appropriate, the Receiver should provide prior notice to counsel for the Plaintiff before commencing investigations or actions.

45.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants.

46.     The Receiver has a continuing duty to ensure there are no conflicts of interest between the Receiver, his Retained Personnel (as defined below), and the receivership estate.

## XI.     Bankruptcy Filing

47.     The Receiver may seek authorization from this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants. If a receivership entity is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate the receivership estate as, a debtor in possession. In such a situation, the Receiver shall have all the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.

48.     The provisions of Section VIII of this Order bar any person or entity, other than the Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

## XII.     Liability of Receiver

49. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

50. The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment,

17

or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel.

51.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

52.      In the event the Receiver decides to resign, the Receiver shall first give written notice to Plaintiff's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

### Recommendations and Report

53.     The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property.

54.     Within 30 days from the entry of this Order, the Receiver shall file with the Court an accounting of the receivership estate reflecting (to the best of the Receiver's knowledge) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the receivership estate (the "Initial Accounting"). The Receiver shall also detail his efforts in locating Receivership Property and what, if any, additional efforts need to be undertaken to provide a full accounting of the receivership estate to this Court.

55.     Within a reasonable time after the end of each calendar quarter, but no later than 30 days after the end of each calendar quarter, the Receiver shall file a "Quarterly Status Report." The Quarterly Status Report shall, for the prior calendar quarter: (a) describe

significant developments in the receivership estate during the quarter; (b) describe in summary form the assets recovered and disposed of during the quarter; (c) describe the status of litigation initiated, settled, or in progress during the quarter; (d) summarize receipts and disbursements during the quarter and the general financial operations and status of the receivership estate; (e) describe the extent to which the Receivership Defendants, or others subject to the requirements of this Order, have failed to cooperate with or comply with demands from the Receiver; and (f) describe the Receiver's plans for moving forward to accomplish the objectives of the receivership.

56.     At the close of the receivership, the Receiver shall submit a final accounting in connection with a motion to close the receivership estate as well as the Receiver's final application for compensation and expense reimbursement.

### XIII.  Fees and Expenses

57.     Subject to Paragraphs 58 – 61 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.

58.     Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first consulting with counsel for Plaintiff and obtaining an Order of the Court authorizing such engagement.

59.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and his Retained Personnel shall apply to the Court for compensation and expense

reimbursement from the receivership estate (the "Quarterly Fee Applications"). Prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for Plaintiff a complete copy of the proposed Quarterly Fee Application, together with all exhibits and relevant billing information.

60.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

61.     The Receiver and his Retained Personnel shall keep time records to support their Quarterly Fee Applications. Time records must set forth in reasonable detail an appropriate narrative description of the services rendered along with the time spent on those services. The time records should be kept in a manner that enables the Receiver and his Retained Personnel to track time spent on specific matters or other tasks related to the administering of the receivership.

62.     In the event that the Receivership Property identified and recovered by the Receiver is insufficient to pay the reasonable fees and expenses of the Receiver and his Retained Personnel, including but not limited to the Receiver's legal counsel, Plaintiff hereby agrees to provide payment for such fees and expenses. Plaintiff agrees to remit payment to the Receiver and his Retained Personnel on a quarterly basis upon receipt of (i) an invoice and supporting time records from the Receiver and his Retained Personnel and (ii) a sworn declaration from the Receiver confirming that insufficient assets exist within the receivership to fully compensate the Receiver and his Retained Personnel for their services in connection with this Order.

## XIV.   **Miscellaneous Provisions.**

63.    Receivership Defendants' payment of any attorneys' fees, expenses, or other costs of such court filings or other submissions must be made from property that is not Receivership Property. Any filing or submission by any Receivership Defendant must contain a statement signed by Receivership Defendant under penalty of perjury identifying the source of the funds for the filing or submission in sufficient detail to show that the funds are not Receivership Property or otherwise derived from any sale or disposition of the Vehicles.  Notwithstanding the foregoing, it shall be sufficient for Receivership Defendant to state that any legal fees are paid from a source that excludes proceeds from the sale of Vehicles, such as loans, gifts, or wages.

64.    If any person or entity subject to this Order fails to comply with the terms herein, the Receiver or Plaintiff's counsel is permitted to initiate contempt proceedings.

65.    The Receiver is authorized to request a modification of this Order from this Court during the life of the receivership if the Receiver determines that a modification is necessary for the proper administration of the receivership estate.

**IT IS SO ORDERED**

DATED: February 17, 2020.


_____
Howard C. Nielson Jr.
United States District Judge

## Exhibit A – Vin Numbers

| | | | | |
|---|---|---|---|---|
| 1 | SJAAC2ZV1JC018398 | | 35 | WUAKBAFX7H7901501 |
| 2 | WBY2Z2C59GV675116 | | 36 | SCBEC9ZA0EC096007 |
| 3 | SALGS3TF4EA184220 | | 37 | SJAAM2ZV9KC024061 |
| 4 | 5FNRL6H96JB006618 | | 38 | SALGR2PF3GA288474 |
| 5 | 5FNYF6H0XHB005888 | | 39 | SALWZ2EF1GA591302 |
| 6 | WBS4Y9C50JAA85385 | | 40 | 1G1FK1R6XJ0156610 |
| 7 | WDDUG8GB1JA390465 | | 41 | 5UXWY3C50F0E95418 |
| 8 | 5UXWX9C55D0A10709 | | 42 | JTHBK1GG2D2020965 |
| 9 | WA1GFCFS1GR024430 | | 43 | SALGW2SE5JA513587 |
| 10 | 1C4RJFBG3GC363435 | | | |
| 11 | 1C4HJXFG7JW139506 | | | |
| 12 | JTHBW1GG4E2045596 | | | |
| 13 | WA1C2AFP8HA035628 | | | |
| 14 | 2HNYD2H61AH529296 | | | |
| 15 | 1GYS3DEF2DR202919 | | | |
| 16 | 5FNRL5H45GB165556 | | | |
| 17 | 1FM5K7DH8HGC36726 | | | |
| 18 | 1FM5K8GT5HGA27711 | | | |
| 19 | 1GYS4JKJXHR294629 | | | |
| 20 | 1GKS2GKC1HR260583 | | | |
| 21 | WDC0G6EB2JF388303 | | | |
| 22 | 1GKS2CKJ9GR113417 | | | |
| 23 | WAUK2AF22KN024658 | | | |
| 24 | TRUC1AFVXG1022276 | | | |
| 25 | WBA8J1C51GK458364 | | | |
| 26 | WDDUG8CB4FA137671 | | | |
| 27 | SALGR2VF8GA246837 | | | |
| 28 | SALGS2FE6HA324706 | | | |
| 29 | 5TDXZ3DC1HS884291 | | | |
| 30 | WDDTG5CB7KJ548857 | | | |
| 31 | WDDSJ4GB0EN103326 | | | |
| 32 | WP0AF2A76HL150649 | | | |
| 33 | WAUKJAFM2DA012623 | | | |
| 34 | WP0AB2A94JS123054 | | | |